CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

APR 1 9 2005

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MONCHILLO ANDREWS, # 310123, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7:04-cv-00708 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | By: Jackson L. Kiser |
| Respondent. ) | Senior U.S. District Judge |

Petitioner Monchillo Andrews, # 310123, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Andrews pled guilty on June 11, 2002, in the Circuit Court for the City of Lynchburg for one count each of attempted murder, possession of a firearm by a convicted felon, and use of a firearm and two counts of felony assault and battery of a law enforcement officer. He was sentenced pursuant to the above convictions to serve a total of eighteen years and twelve months, of which three years was suspended. Andrews now challenges to the validity of his confinement upon these convictions.

The respondent has filed a motion to dismiss Andrews's petition, contending that it is unexhausted and procedurally barred. The court notified Andrews of the respondent's response and motion to dismiss, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned him that judgment may be granted for the respondent if he did not respond to the motion. Andrews has failed to respond within the allotted time period, thus making the motion to dismiss and the underlying petition ripe for consideration. Upon review of the record, I conclude that the motion to dismiss must be granted.

1

I.      **Procedural History and Current Claims**

On July 11, 2002 Andrews plead guilty to one count each of attempted murder, possession of a firearm by a convicted felon, and use of a firearm and two counts of felony assault and battery of a law enforcement officer. He was sentenced pursuant to the above convictions to serve a total of eighteen years and twelve months, of which three years was suspended.

Andrews appealed his convictions to the Court of Appeals of Virginia, but the appeal was dismissed on April 20, 2003. Andrews petitioned for an appeal to the Supreme Court of Virginia, but it was denied on August 25, 2003.

Andrews then filed the instant petition, which the court construes as raising the following ground for relief: Petitioner's guilty plea was unlawfully induced or not made voluntarily with full understanding of the nature of the charge or the consequences of a plea.

II.     **Analysis - Procedural Default**

The respondent argues that Andrews's federal habeas claim is procedurally defaulted and thus barred from review on the merits in this court. Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition without prejudice. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. An inmate may present his claims to the Supreme Court of Virginia on direct appeal from a decision by

the Court of Appeals of Virginia, Virginia Code §17.1-411; in a habeas petition in the circuit court where he was convicted, with review of an adverse decision by the Supreme Court of Virginia, §17-1-406(B); or in a habeas petition filed directly in the Supreme Court of Virginia, §8.01-654. Whichever route petitioner chooses for each of his claims, he must give the state courts a fair opportunity to consider on the merits the same argument and the same factual support for each claim. See Anderson v. Harless, 459 U.S. 4, 6-7 (1982).

However, the presence of unexhausted claims in a federal petition does not require immediate dismissal of the claim or the petition as unexhausted if the petitioner currently has no available state court remedy. If it is clear that the state's law would now bar state review, exhaustion is not required, but federal review is precluded, absent a showing of either cause for the default and resulting prejudice or actual innocence. Teague v. Lane, 489 U.S. 288 (1989); Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Under these principles, I find that Andrews's habeas claim is procedurally defaulted. Andrews admits that he has not filed any state habeas petition as to his convictions in the Circuit Court for the City of Lynchburg . Therefore, his claims are obviously not exhausted because they have never been presented to the Supreme Court of Virginia. But if Andrews filed a state habeas petition now raising this or any other claim, the Supreme Court of Virginia would dismiss the petition, pursuant to Virginia Code §8.01-654(A)(2), as such claims were filed more than two years from the date of final judgment in the trial court and more than one year from the final disposition of the direct appeal in state court. The Fourth Circuit has recognized that an unambiguous state procedural rule derived from state statutes is a necessary and firmly established rule and serves as an adequate and independent state law ground for procedural bar purposes. O'Dell v. Netherland,

95 F.3d 1214, 1241 (4th Cir. 1996); Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999). Therefore, any unexhausted claims barred by the statute of limitations for filing such types of claims are procedurally defaulted. Accordingly all Andrews's claims are barred from federal habeas consideration absent a showing of cause and prejudice or actual innocence. Murray, 477 U.S. at 495-96; Teague, 489 U.S. 288.

Andrews has not demonstrated cause for his procedural defaults. Generally, a petitioner can demonstrate cause by showing that some "objective factor external to the defense" impeded counsel's ability to comply with a state procedural rule. Strickler v. Greene, 557 U.S. 263, 283 n.24 (1999)(quoting Murray v. Carrier, 477 U.S. 478, 488 (1996)). Andrews claims only that he did not file a habeas petition due to a lack of legal assistance in such matters and a lack of knowledge that he need file such a petition. Ineffective assistance of counsel during collateral review proceedings is insufficient to establish cause. Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999). Additionally, a petitioner's own failure to pursue collateral review until the deadline had passed is insufficient to establish cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996); George v. Angelone, 100 F.3d 353, 364 (4th Cir. 1997). Accordingly, petitioner has not provided evidence of cause such to excuse the procedural default of the claims he raises in this petition.

Furthermore to the extent that Andrews attempts to claim that counsel's ineffectiveness at trial is cause, it too must fail. Proof that counsel provided ineffective assistance at trial as defined in Strickland v. Washington, 466 U.S. 668 (1984), can serve as cause for default of a claim that could have been raised in direct appeal proceedings, but only if the ineffective assistance claim itself is not procedurally defaulted. See Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000). As noted above, any claims Andrews may allege as to ineffective assistance are themselves procedurally

4

defaulted; and as such, they cannot serve as cause to excuse procedural defaults of other claims.

Andrews has not presented any evidence as to actual innocence. To open the "actual innocence" gateway, Andrews must demonstrate that in light of "new reliable evidence . . . that was not presented at trial" and all other available evidence, it is more likely than not that no reasonable juror would find him guilty. Schlup v. Delo, 513 U.S. 298, 324-37 (1995). In this instance, Andrews has not provided any evidence of his innocence or even made any argument as to such innocence. Accordingly, I conclude that Andrews fails to demonstrate "actual innocence" so as to excuse his procedural defaults. Schlup, 513 U.S. at 324-37.

### III.     Conclusion

Based on the foregoing, I will grant the motion to dismiss in its entirety. Andrews's claims are procedurally defaulted.  As he fails to demonstrate cause and prejudice or actual innocence to circumvent those defaults, they are barred from federal habeas review on the merits.  An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c).  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1).  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000).   If petitioner intends to appeal and seek a

certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5). The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This _____ day of April, 2005.

Jackson L. Kiser
Senior United States District Judge